WILLIAMS, Judge.
Plaintiff, Mitchell J. Killingsworth, appeals a summary judgment rendered in favor of the defendants, St. Paul Fire and Marine Insurance Company and Fireman’s Insurance Company, finding that the plaintiff could not maintain a cause of action against the defendants under the terms of the banker’s blanket bonds issued to United Mercantile Bank.
On appeal, plaintiff challenges as error the trial court’s failure to rule on his motion to supplement his petition prior to granting the *1385 defendant’s motion for summary judgment, the trial court’s failure to recognize plaintiffs right to bring an oblique action under Louisiana Civil Code Article 2044, and the trial court’s failure to allow plaintiff to enforce the insurance contracts as a third party beneficiary. For the reasons assigned below, we affirm.
FACTS
Mitchell J. Killingsworth filed his original petition on January 7, 1987. Named as defendants in the original petition were United Mercantile Bank, Kirby Rowe, John B. Oakland and Enoch T. Nix. On September 29, 1987, Killingsworth amended his petition to add as defendants, St. Paul Fire and Marine Insurance Company (St. Paul), St. Paul Insurance Company of Texas, Fireman’s Insurance Company of Newark, New Jersey (Fireman’s), and National Union Fire Insurance Company of Pittsburgh, Pennsylvania.
This cause of action for damages arose from the alleged illegal and fraudulent acts of United Mercantile Bank, Kirby Rowe and the other bank officers in their financial dealings with the plaintiff in reference to his pledged collateral.
In his original petition, Killingsworth alleges that he was induced into purchasing a house from Kirby Rowe by Rowe’s promise to have the house financed in an amount greater than the purchase price. The petition further sets forth subsequent improper and fraudulent acts by the defendants, including the foreclosure on plaintiffs loans and the private sale of plaintiffs stock to agents of United Mercantile Bank.
A settlement was reached and United Mercantile Bank, Kirby Rowe, Enoch Nix and John B. Oakland were dismissed from the lawsuit, reserving plaintiffs rights to proceed against the defendant insurance companies.
Each of the insurance companies filed motions for summary judgment alleging that the petitioner had no cause of action against them under the terms of the policies and no cause of action against them under the Louisiana Direct Action Statute. Thereafter, settlement was reached with National Union Fire Insurance Company, the bank’s directors’ and officers’ liability insurer, and this defendant was dismissed with prejudice.
On February 7, 1992, Killingsworth filed a motion to supplement his original petition to allege that since the filing of the original petition, the United Mercantile Bank had become insolvent. In his supplemental petition, plaintiff attempted to set forth facts which would establish an oblique action under Article 2044 of the Louisiana Civil Code.
On October 28, 1992, the trial court granted motions for summary judgment filed by St. Paul and Fireman’s without ruling on plaintiffs motion to supplement his petition. The trial court found that the bonds issued by the insurance companies to the named insureds, United Mercantile Bank and its affiliate, applied only to losses sustained by the named insured. The court also found that the underwriter had only agreed to indemnify the named insureds.
DISCUSSION
Killingsworth contends the trial court erred in granting the defendant insurers’ motions for summary judgment without first ruling on his motion to supplement his petition. He argues the supplemental petition set forth facts establishing his right to proceed under the “oblique action” statute and would have precluded summary judgment.
As stated above, plaintiff amended his petition to add as defendants the insurance companies which had issued banker’s blanket bonds to United Mercantile Bank. He alleged that he had a right of action against these defendants under the Louisiana Direct Action Statute. See LSA-R.S. 22:655.
In response to plaintiffs amended petition, defendants filed motions for summary judgment on the ground that their policies were contracts of indemnity and were excluded from the scope of the direet action statute.
In brief and during argument, Killings-worth concedes that the direct action statute cannot be utilized to maintain a cause of action against these defendants on these indemnity-type bond contracts. See Quinlan v. Liberty Bank & Trust Co., 575 So.2d 336 (La.1990). Therefore, the trial court’s ruling would require a remand, only if the supple *1386 mental petition established a cause of action against the defendants under the “oblique action” statute or some other legal theory.
Louisiana Civil Code Article 2044 provides: If an obligor causes or increases his insolvency by failing to exercise a right, the obligee may exercise it himself, unless the right is strictly personal to the obligor. For that purpose, the obligee must join in the suit his obligor and the third person against whom that right is asserted.
From a reading of this article, it is clear that the plaintiff who seeks to utilize this article is required to not only name the “third person” against whom the right is asserted, but also the obligor.
It is well-settled that a compromise functionally and theoretically nullifies the antecedent obligation so that the antecedent obligation no longer exists. See, Sailing Wiping Cloth Co. v. Sewell, Inc., 419 So.2d 112 (La.App. 2d Cir.1982).
Killingsworth’s theory of recovery was that the Bank and its employees were guilty of a breach of contractual or quasi-contraetual fiduciary duties relating to the collateral which had been used to secure the loan on his residence. Killingsworth compromised his right to pursue such theories against those parties at the time of the settlement. As a result, such claims against those parties no longer have legal existence.
Since Killingsworth compromised with and released the Bank and its employees on December 30,1987, he cannot now file a supplemental petition renaming those parties in this litigation. Therefore, since no amendment adding the Bank to this litigation can be successful, plaintiff cannot possibly fulfill the procedural requirements of LSA-C.C. Art. 2044.
Killingsworth also quotes the language of defendants’ bonds to support his position that he should be able to recover from the defendants under the oblique action. He argues that the following language is favorable to his position:
This bond shall apply to loss of Property ... (3) for which the insured is legally liable.
Killingsworth disregards the clauses of the bond contracts which state:
This bond affords coverage only in favor of the Insured. No suit, action or legal proceedings shall be brought hereunder by anyone other than the named insured.
The bonds in question expressly exclude an action such as the one sought to be brought by plaintiff. Moreover, the Bank cannot be considered “legally liable” to plaintiff under the wording of the bonds or under a reading of LSA-C.C. Art. 2044 since the Bank was dismissed from the suit by virtue of the compromise.
As an alternative theory of liability, plaintiff argues that Louisiana law provides a cause of action by a third party beneficiary because the language of the bonds creates a stipulation pour autrui in his favor. He contends all of the factors to be considered in deciding whether a stipulation pour autrui exists are present in this ease.
A contracting party may stipulate a benefit for a third person called a third party beneficiary. The beneficiary has a right to sue on the contract if the stipulation executed in his favor is breached. The beneficiary’s cause of action lies against the party who breached the stipulation. LSA-C.C. Arts. 1978 and 1981.
It is apparent, from a review of the language of the bonds, that no stipulation pour autrui exists in favor of Killingsworth. In fact, as stated above, these bonds expressly afforded indemnity coverage in favor of the insured bank and its affiliate company and expressly excluded any action or legal proceedings by anyone other than the named insured. These bonds were not policies of liability insurance. Thus, there is no legal basis to conclude that Killingsworth was a third party beneficiary under these banker’s blanket bonds.
Based on the foregoing, we find that there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law. We further find that the granting of plaintiffs request for leave to file a supplemental petition would not have changed the outcome of this litigation. *1387 Therefore, the judgment of the trial court granting summary judgment in favor of the defendants is affirmed. Costs of this appeal are assessed against the plaintiff.
AFFIRMED.